By the Court.—Freedman, J.
This action was commenced by the plaintiff, as receiver of the property of Edward Reardon, appointed in proceedings supplementary to execution upon judgments recovered in this court for work and labor as mechanics, by Arne t Seaman, and John H. Seaman, as plaintiffs, against said Edward Reardon, as defendant, in May, 1878, amounting in the aggregate to $857.35.
The action was brought to set aside a conveyance executed by the defendant Edward Reardon, to the defendant Richard S. Treacy, March 26, 1878, of certain lands and buildings thereon, in the city of New York, particularly described in the complaint, and a certain instrument or declaration of trust executed on March 29, 1878, by said Richard S. Treacy, declaring that he held and would hold said conveyed premises upon certain trusts: 1st. As security for the payment of all debts and liabilities contracted for or on account of said premises except the mortgage liens thereon; also the taxes and assessments on said property; and, 2d. In trust for *168 said Edward Reardon and Edward J. Blesson, also a defendant in this action, equally, share and share alike.
Upon the trial the plaintiff’s complaint was dismissed with costs and an allowance of $2,000 was shortly thereafter granted on motion. There is an appeal from the judgment of dismissal in conjunction with an appeal from the order granting the allowance ; but on the argument it was conceded that by reason of the foreclosure of a prior mortgage on the premises and the insufficiency of the fund iri the hands of Richard S. Treacy as trustee and of Ferdinand Kurzman as receiver, the plaintiff as the receiver appointed in the supplementary proceedings could not succeed to enforce in this action the lien of the judgments represented by him. The substantial controversy upon this appeal relates, therefore, to the allowance that was granted. Upon the facts contained in the printed case it clearly appears that the judgment-creditors represented by the plaintiff were entitled to the remedies they took ; that the defendants, by their secret and suspicious transactions, invited this action ; that, in consequence of certain disclosures in the supplementary proceedings, this court was justified to, and by order did, authorize the commencement of the suit; that the adverse result to the plaintiff is due largely to the inadequacy of the property to satisfy all proper prior claims against it; and that, under the peculiar circumstances of this case, these claims could only be .ascertained by an equitable action like the one instituted. According to the record in the register’s office, the defendant Reardon, the judgment-deb tor, was the sole owner of the premises, and as such he conveyed to the defendant Richard S. Treacy, by a deed which made the latter the apparent owner, while in fact he had no individual interest, and was trustee for other parties, under an arrangement secret as to the unsecured creditors, and not put on record for a time by the express agree- *169 of the parties interested. , The defendant, Edward S. Blesson, the alleged copartner of Reardon, was an infant, and he disavowed the partnership relation and claimed to represent Hugh Blesson, his father; while the latter in turn swore that he was not a partner and had no interest in the property. Moreover, the apparent value of the entire property exceeded all the liens and claims against it which were matters of record. Although, therefore, the trust deed was upheld as an equitable mortgage, and the plaintiff’s complaint dismissed, yet upon all the facts of the case it is not equitable that the succeeding defendants should have a greater indemnity than simple costs. Nor is there anything in the case upon which so large an allowance as was granted, could be upheld, even if it were a case for an allowance ; for the value of the property in dispute consisted of the value of Reardon’s equity of redemption, no question having been made as to the mortgages on record, and the claim sought to be enforced against such equity of redemption by the plaintiff amounted to only about $900.
The order granting an allowance should be reversed, and the judgment modified by deducting therefrom the amount of the allowance included therein, and, as thus modified, the j udgment should be affirmed, without costs to either side on this appeal.
Sedgwick, Ch. J., and Russell, J., concurred.